Date signed September 23, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| KRISTEN SCHMITT | * | Case No. | 10-11450DK |
| MICHAEL JAMES SCHMITT | * | Chapter | 7 |
| | * | | |
| Debtors | * | | |
| ***************************************** | * | | |
| KRISTEN SCHMITT | * | | |
| MICHAEL JAMES SCHMITT | * | | |
| | * | | |
| Plaintiffs | * | Adversary Proceeding No. | |
| vs. | * | 10-00572DK | |
| ARBOR CARE TREE EXPERTS, INC. | * | | |
| | * | | |
| | * | | |
| Defendants | * | | |

## **MEMORANDUM OF DECISION**

The underlying bankruptcy case of Kristen Schmitt and Michael James Schmitt was commenced under Chapter 7 of the United States Bankruptcy Code on January 22, 2010. After bankruptcy was filed, Arbor Care Tree Experts, Inc. ("Alleged Creditor") filed a Complaint in the United States District Court for the District of Maryland, instituting a civil action styled as *Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts and Outdoor Services, et al.*, Civil Action No. 1:10-CV-1008 (the "District Court Case") on or about April 22, 2010, notwithstanding the automatic stay pursuant to 11 U.S.C. § 362(a). It is averred by the Alleged Creditor in the instant motion before this Court, that the Alleged

Creditor had no notice or knowledge of the pendency of the bankruptcy case and the consequent automatic stay. The District Court Case seeks damages against the debtors for alleged acts conducted both before and after the filing of the bankruptcy petition.

Prior to the filing of the District Court Case, the Chapter 7 Trustee in the bankruptcy case filed a Report of No Distribution of Assets and subsequent to the filing of the District Court Case, on May 5, 2010, the debtors were granted a discharge. The Order discharging debtors permanently enjoins actions by creditors seeking to prosecute or collect debts arising from transactional facts occurring before the filing of the bankruptcy case, such as the alleged pre-petition acts set forth in the District Court Case.

On May 11, 2010, the bankruptcy case was closed. However, on July 2, 2010, the debtors filed a Motion to Reopen this Chapter 7 case to permit the debtors to file this adversary proceeding seeking a declaratory judgment as to the effect of the discharge upon the District Court Case. That motion was opposed by the Alleged Creditor. On July 30, 2010, this court granted an Order reopening the Chapter 7 case for the purpose of taking jurisdiction over the adversary proceeding being filed by the debtor seeking a declaratory judgment as to the effect of the discharge.

Meanwhile, on July 28, 2010, the Alleged Creditor filed a Motion to Stay the Adversary Proceeding sought to be filed by the debtors and on July 31, 2010, refiled its Motion to Stay the Adversary Proceeding after the Order Reopening Case was entered. It is this Motion to Stay that is the instant motion before this Court. Opposition to the Alleged Creditor's Motion to Stay Adversary Proceeding was filed by the debtors and a hearing upon the matter was held on September 16, 2010, after which the court held the Motion under advisement.

Pursuant to 11 U.S.C. § 524 and 11 U.S.C. § 523(c), an order of discharge entered in a Chapter 7 case permanently enjoins actions by a creditor holding a pre-petition debt from acting to collect such indebtedness even if the indebtedness was incurred by fraud, defalcation, or willful and malicious

injury, unless a timely adversary proceeding is filed within the bankruptcy case seeking to determine such indebtedness not dischargeable. No timely adversary proceeding was filed by the Alleged Creditor.

However, 11 U.S.C. § 523(a)(3) further provides that a creditor whose debt is not scheduled and who does not receive any notice or knowledge of the bankruptcy case in sufficient time to allow such creditor to file an adversary proceeding asserting the debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2),(4), or (6), will not have such debt discharged, if the indebtedness actually is one incurred by fraud, defalcation, or willful and malicious injury. Furthermore, after the termination of the automatic stay (which occurred when the Discharge Order was entered in the bankruptcy case), a court of competent jurisdiction over the asserted indebtedness has concurrent jurisdiction to determine whether or not the indebtedness has been discharged, or to the contrary is not dischargeable, pursuant to 11 U.S.C. § 523(a)(3). *See In re Stecklow,* 144 B.R. 314 (Bankr. D. Md. 1992) and *In re Harmon,* 213 B.R. 805 (Bankr. D.Md. 1997). Because the jurisdiction of the non-bankruptcy court is concurrent, a party may seek a determination by the bankruptcy court as to the issue of non-dischargeability. The debtors made that request by filing this adversary proceeding. By the Motion to Stay, in effect the Alleged Creditor asks that the United States District Court for the District of Maryland make the determination.

The Schedules filed by the debtors in the underlying bankruptcy case do not include the Alleged Creditor. However, no factual finding has been made as to whether or not the Alleged Creditor had actual knowledge of the bankruptcy in sufficient time to have timely filed an action seeking a determination of non-dischargeability pursuant to 11 U.S.C. § 523(c). Nor has any court made any determination as to whether the alleged pre-petition indebtedness is an indebtedness which would be non-dischargeable pursuant to either Section 523(a)(2), (4) or (6). The District Court Case not only asserts that such indebtedness exists from pre-petition transactional facts but also asserts that additional

3

indebtedness exists from transactional facts arising after the petition in bankruptcy. Such additional indebtedness arising from transactional facts occurring solely after the petition was filed (hereinafter "post-petition action"), would in no event be enjoined by the Discharge Order pursuant to 11 U.S.C. § 524. It appears the adjudicative facts likely to be asserted by each side are similar as to the pre-petition and post-petition actions. Permitting this adversary proceeding to go forward at the same time as the District Court Case is likely to lead to judicial inefficiency and redundancies in factual presentation. In addition, depending upon what facts are specifically found by the District Court in the District Court Case, collateral estoppel may form the basis for full or partial summary judgment in the action before this Court in this adversary proceeding. *See Brown v. Felson*, 442 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979).

A debtor should not be subjected to the burden of defending against a creditor seeking to collect a pre-petition indebtedness unless there is a substantial showing that the indebtedness may not be dischargeable and hence may not have been discharged by the Order already entered in the bankruptcy case. One of the principle purposes of the discharge is to prevent this burden falling upon a debtor. However, it appears from the facts asserted by the Alleged Creditor and the failure by the debtors to schedule the asserted indebtedness that a court will have to make a determination pursuant to 11 U.S.C. § 523(a)(3) as to whether such pre-petition debt was discharged. For reasons of judicial efficiency, this Court will stay the adversary proceeding pending before this Court until a final order beyond appeal is entered by the United States District Court in the District Court Case. A separate Order consistent with this Memorandum shall be entered.

cc:     All Counsel
        All Parties

**End Of Order**